# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DEAN M. RIECK,

      Plaintiff,

vs.                               No. CV 17-00105 JCH/KRS

MARIO CARREON, and
LUPE S.,
      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Dean M. Rieck (Doc. 1). The Court will dismiss Rieck's Complaint for failure to state a claim and based on abstention from the exercise of federal jurisdiction under *Younger v. Harris,* 401 U.S. 37 (1971).

### *Dismissals for Failure to State a Claim*

Plaintiff Rieck is proceeding pro se and *in forma pauperis*. (Doc. 8). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that

the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### *Analysis of Plaintiff Rieck's Claims*

In this case, Rieck has sued his appointed New Mexico Public Defender, Mario Carreon, who is acting as stand-by defense counsel for Rieck, and Carreon's paralegal, "Lupe S." (Doc. 1 at 1-2). Rieck seeks compensatory damages in the amount of $250,000, punitive damages in the amount of $500,000, and declaratory relief. (Doc. 1 at 5). With respect to Defendant Carreon, Rieck's Complaint alleges:

> "On Aug. 29, 2016, I filed a waiver of counsel, which the District Court accepted and specifically ruled that I had made a voluntary and knowing waiver of counsel and the court believed that I understood the trial process and was capable of representing myself. Def. Carreon was limited to the role of 'standby counsel'. In early Oct. 2016 Def. Carreon filed some kind of motion requesting a continuance of my trial scheduled for Oct. 12, 2016. Def. Carreon did <u>not</u> discuss the foregoing motion for a continuance with me, nor did he even notify me that he had filed said motion, nor did he provide me with a copy of said motion, a copy of the District Attorney's Response, or a copy of the District Court order that granted said motion. At the time Def. Carreon filed said motion for a continuance, he did <u>not</u> represent me, and he was limited to the role of 'standby counsel', so Def. Carreon had absolutely <u>no</u> authority to file any motion on my behalf-especially not without my knowledge or consent. Defendant's actions, described above, violated my right of self representation and my right to a speedy trial under the Sixth and Fourteenth Amendments, U.S.

3

>       Constitution, and were indirect violation of Def. Carreon's limited
>       role as 'standby counsel'."

(Doc. 1 at 7-8). Rieck alleges that Defendant Lupe S. "is Def. Carreon's Paralegal, who prepared and filed all legal documents for him . . .Def. Carreon-who in his limited role as standby counsel, and with the assistance of Def. Lupe S.-his paralegal, filed a motion for continuance of Plts.'s trial without his knowledge or consent." (Doc. 1 at 2).

Section 1983 states:

> "Every person who, **under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,** *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325. The Complaint makes no allegations against Defendant Carreon other than that he was performing a lawyer's traditional functions as stand-by counsel to Rieck in the state criminal proceeding. Although Lupe S. is not a lawyer, her alleged actions are in the capacity of an assistant to the lawyer functioning as counsel to a defendant in a criminal proceeding. Because Rieck's claims are all based on allegations regarding the functions of counsel in his criminal case, Defendants Carreon and Lupe S. are not state actors and the complaint against them fails to state a § 1983 claim for relief. *Polk,* 454 U.S. at 325.

Further, to the extent Rieck seeks to have the Court issue declaratory relief or injunctive relief relating to Rieck's state criminal proceedings, this Court must abstain for exercising jurisdiction under *Younger v. Harris,* 401 U.S. 37 (1971). *Younger* originally sought to prevent federal courts from enjoining state prosecution of criminal defendants. *See Younger,* 401 U.S. at 46; *see also Huffman v. Pursue, Ltd.,* 420 U.S. 592, 602 (1975). Under *Younger,* a federal court is required to abstain from exercising jurisdiction when: (1) there is an ongoing state criminal proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests. *Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir.1997). *Younger* abstention is non-discretionary if the three conditions are satisfied. *Amanatullah v. Colorado Bd. Of Medical Examiners,* 187 F.3d 1160, 1163 (10th Cir. 1999).

The conditions for *Younger* abstention are met in this case. Rieck's state criminal proceedings were ongoing at the time he filed his § 1983 Complaint and are still ongoing at the present time. A jury trial is scheduled for August 8, 2017 on the criminal charges against Rieck. *See* Doc. 1 at 7-8; D-307-CR-201500056, May 23, 2017 Notice of Jury Trial. The New Mexico court system provides Rieck an adequate forum. He may raise his claims that his constitutional rights have been violated by Carreon's actions in the State district court, and may pursue those claims on direct appeal if he is convicted. *See, Braverman v. New Mexico*, 2012 WL 5378292, at *26 (D.N.M. Sept. 30, 2012). Last, the State of New Mexico's interest in being able to prosecute criminals for violation of state law is an important state interest. *Taylor v. Jaquez,* 126 F.3d at 1297. This Court will abstain from exercising jurisdiction and will dismiss Rieck's § 1983 claims.

The Court will also dismiss without granting leave to amend the Complaint. The Court will dismiss Rieck's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Because they do not act under color of state law, Rieck's issues with his criminal representation will never state a civil rights cause of action against Defendants Mario Carreon or Lupe S.

IT IS ORDERED that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Dean M. Rieck (Doc. 1) is DISMISSED for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B) and based on *Younger* abstention.

_____
UNITED STATES DISTRICT JUDGE